**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| TOBY J. FANSLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CAUSE NO. 1:07-CV-00081 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Toby J. Fansler, Jr., brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On February 19, 2008, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 26, 27.)

Fansler's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $9,801 for his representation of Fansler in federal court.[1] (Docket # 32.) For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee of $9,801 will be reduced to $5,299.80.

*A. Relevant Factual and Procedural Background*

On April 6, 2007, Shull and Fansler entered into a contingent-fee agreement for Shull's

---

[1] The Commissioner apparently has no objection to Shull's request for fees, as it has not filed a response to the motion and the time to do so has since passed.

representation of Fansler in federal court.[2] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Mem. in Supp.") Ex. C.) Under the agreement, Fansler agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [his] family and [him] in the event [his] case is won." (Mem. in Supp. Ex. C.)

On April 6, 2007, Fansler filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (Docket # 1.) On February 19, 2008, Fansler received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (Docket # 26, 27.) Shull then filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 12.10 hours he spent advocating Fansler's claim in federal court. (Docket # 28-30.) The Court awarded Shull $1,960.20 in EAJA fees. (Docket # 31.) In addition, Ann Zobrosky, the attorney who represented Fansler before the Social Security Administration, was awarded $5,300 in attorney fees pursuant to 42 U.S.C. § 406(a) for her representation of Fansler at the administrative level. (Mem. in Supp. 2, Ex. B.)

Ultimately, the Commissioner awarded disability benefits to Fansler and as a result, he received $89,748 in back benefits. (Mem. in Supp. 2, Ex. A.) On August 30, 2010, Shull filed the instant motion, seeking the Court's authorization of a payment of $9,801 in attorney fees from Fansler to Shull pursuant to the contingent-fee agreement, to be offset by his EAJA fee award. (Docket # 28.)

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

*B. Legal Standard*

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 795-96 (2002). Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44,

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807-08 (citations and footnote omitted).

## *C. Discussion*

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $9,801 pursuant to his contingent-fee agreement for the representation of Fansler in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent-fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Fansler's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating the requested fee, Shull starts with $9,801, an amount less than twenty-five percent of the $89,748 in past benefits awarded to Fansler and thus an amount in compliance

with the terms of the contingent-fee agreement between Shull and Fansler. Likewise, this amount, when added to the $5,300 awarded to Attorney Zobrosky under § 406(a), does not exceed twenty-five percent of the past-due benefits awarded to Fansler. *See Kopulos*, 318 F. Supp. 2d at 661; *Bartrom*, 2003 WL 21919181, at *2-3. Shull argues that an award of $9,801 is reasonable for the 12.1 hours he spent representing Fansler in federal court, considering that (1) it reflects the contingent nature of the recovery; (2) it is in alignment with the fees of other attorneys in the local market; (3) he achieved a good result for Fansler; and (4) he provided Fansler with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law. (Mem. in Supp. Exs. D, E.)

Shull did indeed obtain a good result for Fansler and undoubtedly provided him with quality representation. This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Mem. in Supp. Ex. D (describing in detail Shull's professional experience in the area of social security law).)

Nonetheless, the Court will not award Shull the entire fee that he requests because the fee is not "reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. To explain, Shull seeks $9,801 for 12.1 hours of work, which equates to an "effective rate" of $810 per hour. This type of benefit seemingly constitutes a windfall, as "the benefits are large in comparison to the amount of time [he] spent on the case." *Id*.

Shull produced the Affidavit of Steven Jackson, a local attorney who is experienced in representing social security claimants, in which Jackson states that "a fee of $300/hr. is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work in the District Court." (Jackson Aff. ¶ 8.) Considering that a contingent fee involves a substantial risk

5

of loss, we think a contingent fee with an "effective rate" twice that of a non-contingent fee, in this case, $600 per hour, does not appear unreasonable.[5] *See Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements."). Moreover, this result is consistent with several prior decisions by this Court awarding fees pursuant to § 406(b) that reflect similar hourly rates. *See Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour); *Elliott v. Astrue*, No. 1:05-cv-007, 2008 WL 4055832 (N.D. Ind. Aug. 28, 2008) (awarding a fee equating to $589.50 per hour).

In sum, the fee that Shull seeks under § 406(b) will be authorized by this Court, but will be reduced from $9,801 to $7,260. In addition, this fee must be reduced to offset the previous EAJA fee award of $1,960.20, since as Shull acknowledges, the "the Social Security Administration [is] responsible for reimbursing the EAJA fees out of the remaining withheld attorney fees." (Mem. in Supp. 13); *see Gisbrecht*, 535 U.S. at 796 (reiterating that "an EAJA award offsets an award under Section 406(b)"). The Court will grant Shull's request

---

[5] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). Here, Shull argued in his supporting memorandum that his requested "effective rate" per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court in its analysis is merely responding to Shull's argument concerning his proposed "effective rate." *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

accordingly, offsetting the $1,960.20 EAJA fees against the $7,260, to arrive at a net fee award of $5,299.80.

### *D. Conclusion*

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 32) is GRANTED, except that his requested fee of $9.801 is reduced to $5,299.80, which includes an offset for his EAJA fee award.

SO ORDERED.

Enter for this 4th day of October, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge